IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV - _____

BULENT COSGUN,

    Plaintiff,

v.

SEABOURN CRUISE LINE LIMITED
INC., a foreign corporation,

    Defendant.
_____/

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO RULE 9 U.S.C. § 205 AND 28 U.S.C. §1441

Defendant, SEABOURN CRUISE LINE LIMITED INC., ("Defendant" or "Seabourn"), for the purpose of removing this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court of the Southern District of Florida, with full reservation of rights, exceptions and defenses, respectfully represents:[1]

1. Plaintiff, Bulent Cosgun ("Plaintiff"), alleges he was a crew member aboard the *Seabourn Odyssey*. *See* Complaint at ¶ 1 attached as Exhibit 2.

2. Seabourn is a foreign corporation. *See* Complaint at ¶ 2. The *Seabourn Odyssey* is a cruise ship registered and flagged in The Bahamas at the time of Plaintiff's purported injury.

3. Plaintiff executed an Employment Agreement with Defendant that provided notice of a Collective Bargaining Agreement ("CBA"). *See* Executed Employment Agreement, attached as Exhibit 3.

---

[1] The Civil Coversheet is attached hereto as Exhibit 1.

4.      Plaintiff expressly acknowledged he had "been afforded the opportunity to review the terms and conditions" and that he "has been afforded an opportunity to seek advice on this agreement before signing it." Further, he "agrees to abide by the terms and conditions set forth in The Collective Bargaining Agreement" and the Employment Agreement. *See id.*

5.      By executing the Employment Contract and agreeing to the CBA terms and conditions, Plaintiff agreed to the *arbitration provision* contained therein. Article 35 of the CBA, entitled *Arbitration Procedure*, states in pertinent part as follows:

1. If not resolved by the Unions, the Owners/Company, and/or the Seafarer as provided in the Dispute Resolution Procedure above, all grievances and any other dispute, whatsoever, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in any way connected with the Seafarer's service for the Owners/Company under this Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, employer, Vessel owner, Vessel or Vessel operator shall be referred to and resolved exclusively by mandatory binding arbitration pursuant to the United Nations Conventions on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S, ("The Convention"), except as provided by any government mandated contract. In addition, Seafarer agrees to arbitrate any and all disputes regarding the existence, validity, termination, or enforceability of any term or provision in this Agreement.

*See* Exhibit 4. (Exhibits 3 and 4 collectively referred to as the "employment contract").

6.      Plaintiff claims he suffered personal injury on or about September 16, 2019, while working aboard the *Odyssey*. *See* Complaint at ¶ 10.

7.      On or about June 14, 2021, Plaintiff filed suit in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida. The action was originally entitled *Bulent Cosgun v. Seabourn Cruise Line Limited Inc.*, case number 21-011675.  Plaintiff's Complaint alleged Jones Act Negligence (Count I), Unseaworthiness (Count II), Failure to Provide Maintenance and Cure (Count III), Failure to Provide Prompt, Proper and Adequate Medical Care (Count IV), and Disability Benefits Under Seabourn's CBA (Count V).

8. Plaintiff's claim is one arising out of his employment. Pursuant to the terms and conditions of Plaintiff's employment contract, the parties are mandated to submit the dispute to arbitration. Accordingly, both at the time the lawsuit was filed in State Court and at the time of the present removal, this dispute is subject to mandatory arbitration.

9. Plaintiff's employment contract and the foreign arbitration are subject to the provisions of The Convention of the Recognition and Enforcement of Foreign Arbitral Awards on June 10, 1958 (hereinafter the "Convention"), and therefore the Convention and its enabling legislation are controlling pursuant to 9 U.S.C. §201 *et seq*.

10. The United States implemented the Convention through the enactment of 9 U.S.C. §§ 201-208.

11. Accordingly, this Court has subject matter jurisdiction by virtue of 28 U.S.C §1331, 28 U.S.C. §1333, and 9 U.S.C. §202 *et seq*.

12. This Court has removal jurisdiction pursuant to 9 U.S.C. §202 *et seq.* and, to the extent applicable, 28 U.S.C. §1441. *See* 9 U.S.C. § 205 ("Where the subject matter of an action … pending in a State court relates to an arbitration agreement … under the Convention, the defendant … may … remove such action….")); *see also Bautista v. Star Cruises*, 396 F.3d 1289, 1292-93 (11th Cir. 2005) (affirming removal under the Convention and compelling arbitration); *Lindo v. NCL* (Bahamas) Ltd., 652 F.3d 1257 (11th Cir. 2011) (same).

13. MSC's Notice of Removal is timely and properly filed pursuant to 9 U.S.C. §202 – §205 which allows removal at any time before trial of such claims.

14. Upon filing of this Notice of Removal, MSC will promptly give written notice thereof to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the

17th Judicial Circuit in and for Broward County, Florida.  *See* copy of Notice to be filed with the State Court attached hereto as Exhibit 5.

15. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on MSC are attached hereto as Composite Exhibit 6.

WHEREFORE, Defendant, SEABOURN CRUISE LINE LIMITED INC., respectfully moves that the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number 21-011675 on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United State District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant is entitled.

Dated:  July 6, 2021
Miami, Florida

Respectfully submitted,

**MALTZMAN & PARTNERS, P.A.**

BY:   /s/ _Steve Holman_
Jeffrey B. Maltzman, Esq.
Florida Bar No. 0048860
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
55 Miracle Mile, Suite 320
Coral Gables, FL  33134
Phone: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Electronic Mail to: John F. Billera, Esq., Billera Law., 2201 NW Corporate Blvd., Ste. 200, Boca Raton, FL 33431 this 6th day of July 2021.

By: /s/ _Steve Holman_
JEFFREY B. MALTZMAN
Florida Bar No. 0048860
STEVE HOLMAN
Florida Bar No. 0547840