IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-61378-RKA

BULENT COSGUN,

    Plaintiff,

v.

SEABOURN CRUISE LINE LIMITED
INC., a foreign corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant, SEABOURN CRUISE LINE LIMITED INC. ("Defendant" or "Seabourn"), hereby petitions the Court to enter an Order directing Plaintiff, BULENT COSGUN ("Plaintiff"), to proceed to arbitration in accordance with the terms of his Employment Contract and Collective Bargaining Agreement.

**I.      Introduction**

Plaintiff, a foreign seafarer and citizen of Turkey, filed a five-count Complaint alleging he was employed by Defendant to work as a seafarer aboard the cruise ship *Seabourn Odyssey.* (*See* Complaint, attached as Exhibit 1 at ¶ 6). In his Complaint, Plaintiff invokes U.S. maritime law. (*See id*. at ¶ 3 and Count I invoking Jones Act).[1] Prior to boarding the vessel, Plaintiff executed a Seafarer's Employment Contract that provided notice of a Collective Bargaining Agreement ("CBA").  (*See* Signed Seafarer's Employment Contract, attached as Exhibit 2). Plaintiff expressly acknowledged he had "been afforded the opportunity to review the terms and conditions" and that he "has been afforded an opportunity to seek advice on this agreement before signing it." Further, he "agrees to abide by the terms and conditions set forth in The Collective Bargaining Agreement" and the Employment Agreement. (*See id.*). By executing the Seafarer's Employment Contract and agreeing to the CBA terms and conditions, Plaintiff agreed to the <u>*arbitration provision*</u> contained therein. (*See* Collective Bargaining Agreement attached as Exhibit 3, at Article 35).

Notwithstanding that there was a binding agreement to arbitrate the dispute, Plaintiff instead filed a lawsuit in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida. The action was originally titled *Bulent Cosgun v. Seabourn Cruise Line Limited Inc.*, case number 21-011675. On July 6, 2021, Defendant filed a notice of removal to federal court. The foreign arbitration mandated between Plaintiff and Defendant in his Employment Contract and

---

[1] Also invoking General Maritime Law in the WHEREFORE CLAUSES in Counts 1-5.

1

CBA is subject to the provisions of The Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Accordingly, this Court has subject matter jurisdiction by virtue of 28 U.S.C §1331, 28 U.S.C. §1333, and 9 U.S.C. §202 *et seq.*

By refusing to submit his claims to arbitration as provided in the Employment Contract and CBA, Defendant has been deprived of the benefit and value of the arbitration provision to which Plaintiff agreed. For the reasons set forth below, the Court should compel arbitration in accordance with the CBA.

**II.     Plaintiff's Claims Must Proceed to Arbitration**

      **A.     The CBA Mandates Arbitration of this Dispute**

Plaintiff signed an Employment Contract to work aboard *Seabourn Odyssey*, in which he agreed that while working aboard the vessel he was bound by the terms and conditions set forth in the CBA. Article 35 of the CBA, entitled *Arbitration Procedure*, states in pertinent part:

1. If not resolved by the Unions, the Owners/Company, and/or the Seafarer as provided in the Dispute Resolution Procedure above, all grievances and any other dispute, whatsoever, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in any way connected with the Seafarer's service for the Owners/Company under this Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, employer, Vessel owner, Vessel or Vessel operator shall be referred to and resolved exclusively by mandatory binding arbitration pursuant to the United Nations Conventions on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S, ("The Convention"), except as provided by any government mandated contract. In addition, Seafarer agrees to arbitrate any and all disputes regarding the existence, validity, termination, or enforceability of any term or provision in this Agreement.

(*See* Exhibit 3). Plaintiff agreed that all grievances and disputes *must be referred to arbitration to the exclusion of any other legal or court proceeding*. *See id.*

Plaintiff's Complaint alleges Jones Act Negligence (Count I), Unseaworthiness (Count II), Failure to Provide Maintenance and Cure (Count III), Failure to Provide Prompt, Proper and

Adequate Medical Care (Count IV), and Disability Benefits Under Seabourn's CBA (Count V). (*See generally* Complaint). The claims asserted against Defendant clearly fall within the agreement to arbitrate made between the parties. Plaintiff has violated his employment contract by filing this lawsuit in court rather than submitting his claims to arbitration as mandated by the Employment Contract and CBA.

### B. Federal Law Favors Arbitration

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

*Id*. at 629; *see also Adolfo v. Carnival Corp.,* 2003 U.S. Dist. LEXIS 24143 (S. D. Fla. Mar. 17, 2003) (relying on *Mitsubishi* and ruling that "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration ... and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

International arbitration agreements are subject to the Convention. The United States implemented the Convention through the enactment of 9 U.S.C. §§ 201-208 on December 29, 1970.[2]  The Convention provides that a court possessing jurisdiction under the Convention should

---

[2] *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d at 1262; *see also* United Nations Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) (the "New York Convention") at:

https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2

3

direct arbitration be held in accordance with the agreement at any place therein provided for. Recently the U.S. Supreme Court explained that the Convention obligates courts to "recognize" written arbitration agreements, including arbitral clauses in contracts, and then refer the parties to those agreements to arbitration upon request:

> Article II(1) requires [e]ach Contracting State [to] recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration. Article II(2) provides that [t]he term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

*See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020) (internal citations omitted).

### C. The Eleventh Circuit Has Clearly Established That Crewmember Cases Should Be Compelled to Arbitration

The Eleventh Circuit has made it clear that pursuant to the Convention, crew arbitration cases must be compelled to arbitration and that most defenses to arbitration cannot be considered in response to a cruise line's motion to compel arbitration. *See e.g.*, *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543 (11th Cir. 2016); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279 (11th Cir. 2015); *Wong v. Carnival Corp.* 599 Fed.Appx. 355 (11th Cir. 2015); *Vera v. Cruise Ships Catering and Services Intern., N.V.*, 594 Fed.Appx. 963 (11th Cir. 2014); *Trifonov v. MSC Mediterranean Shipping Co. S.A.*, 590 Fed.Appx. 842 (11th Cir. 2014); *Paucar v. MSC Crociere S.A.*, 552 Fed.Appx. 872 (11th Cir. 2014); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed.Appx. 655 (11th Cir. 2013); *Arauz v. Carnival Corp.* 466 Fed.Appx. 815 (11th Cir. 2012); *Maxwell v. NCL (Bahamas), Ltd.*, 2011 WL 928737, at *1 (11th Cir. 2011); *Henriquez v. NCL (Bahamas), Ltd.*, 440 F.App'x 714, 716 (11th Cir. 2011); *Bautista v Star Cruises,* 396 F.3d 1289 (11th Cir. 2005).

### D. This Action Mandates Arbitration Because the Four Jurisdictional Prerequisites Are Met

In light of the strong policy favoring arbitration and Eleventh Circuit and US Supreme Court precedent, courts should conduct "a very limited inquiry" in deciding whether to compel arbitration pursuant to the Convention. *Lindo v. NCL*, 652 F.3d at 1271-73 (analyzing *Bautista* and the jurisdictional requirements); *Bautista,* 396 F.3d at 1295 n. 7 (listing jurisdictional requirements); *see also Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002); *Ledee v. Ceramiche Ragno,* 684 F.2d 184 (1st Cir. 1982); 9 U.S.C. §§ 201-208. The Court must order arbitration if the following four jurisdictional prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *See Lindo*, 652 F.3d at 1272; *Bautista*, 396 F.3d at 1294; *Std. Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 (11th Cir. 2003). Here all four jurisdictional prerequisites are met, and therefore this dispute is subject to arbitration.

*First*, there is a written agreement to arbitrate this dispute. In the Employment Contract, Plaintiff expressly acknowledged he "agrees to abide by the terms and conditions set forth in The Collective Bargaining Agreement." *See* Exhibit 2. The CBA specifically states that any and all claims shall be subject to arbitration. (*See* CBA, Ex. 3, Article 35 at subsection 1).

*Second*, the United States adopted the Convention on December 29, 1970. *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d at 1262 ("In 1970, the United States acceded to the treaty, which was subsequently implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*").

*Third*, the agreement to arbitrate arises from a commercial legal relationship. Courts hold that crewmember employment contracts constitute a commercial legal relationship for the

5

purposes of compelling arbitration. *See Francisco*, 293 F.3d at 273-74; *Bautista*, 396 F.3d at 1294-1301; *Suazo v. NCL*, 822 F.3d at 550 (Eleventh Circuit ruling that the plaintiff's employment with NCL was a commercial relationship); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d at 1286 (Eleventh Circuit ruling the four jurisdictional requirements were met); *Trifonov v. MSC*, 590 Fed. Appx. at 844 (Eleventh Circuit ruling "each of the four jurisdictional prerequisites has been met"). Each of these courts resolved this issue by concluding that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship.

*Fourth*, a party to the agreement is not a U.S. citizen: Plaintiff is a citizen and resident of Istanbul, Turkey (*see* Place of Residence in Employment Contract; *see also* Complaint, Ex. 1 at ¶ 6).

Because the four jurisdictional prerequisites are met in this matter, Defendant respectfully petitions this Court to enter an Order dismissing the instant action and compelling Plaintiff to proceed to arbitration as mandated by his Employment Contract and CBA.

**E.     Courts in the Southern District Compel Arbitration in Similar Circumstances**

Courts in the Southern District routinely enforce cruise line crewmember arbitration agreements. *See, e.g.*, *Isanto v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1237 (S.D. Fla. 2020); *Pereira v. MSC Crociere, S.A.*, 108 F. Supp. 3d 1283 (S.D. Fla. 2015); *Paucar v. MSC Crociere S.A.*, 2013 WL 1345403 (S.D. Fla. Apr. 3, 2013), *aff'd,* 552 Fed. Appx. 872 (11th Cir. 2014); *Galeano v. Celebration Cruise Operator, Inc.*, 2014 WL 12479278, at *1 (S.D. Fla. Dec. 12, 2014); *Pysarenko v. Carnival Corp.*, 2014 WL 1745048 (S.D. Fla. Apr. 30, 2014), *aff'd*, 581 F. App'x 844 (11th Cir. 2014); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216 (S.D. Fla. 2010); *Yucra v. Carnival Corporation*, No. 10-20870-Civ, 2010 WL 11586522 (S.D. Fla. May 18, 2010); *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248 (S.D. Fla. 2009);  In each of

these cases the court compelled arbitration, dismissing claims brought by seafarer's. *See also Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011) and *Henriquez v. NCL (Bahamas), Ltd.*, 440 F. App'x 714 (11th Cir. 2011).

**III.   Conclusion**

For the reasons set forth herein, Defendant respectfully petitions this Court to enter an Order dismissing the instant action and compelling Plaintiff to proceed to arbitration pursuant to the terms of his Seafarer's Employment Agreement and Collective Bargaining Agreement.

**Rule 7.1 Certification**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel for Defendant certifies that he conferred with counsel for Plaintiff on July 7, 2021. Plaintiff opposes the relief sought herein.

Dated: July 9, 2021
Miami, Florida

Respectfully submitted,

**MALTZMAN & PARTNERS, P.A.**

By:   */s/ Steve Holman*
Jeffrey B. Maltzman, Esq.
Florida Bar No. 0048860
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
55 Miracle Mile, Suite 300
Coral Gables, FL  33134
Tel: 305-779-5665 / Fax: 305-779-5664
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 9th day of July, 2021. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:   */s/ Steve Holman*
      Steve Holman, Esq.
      Florida Bar No. 547840

## SERVICE LIST
### CASE NO.: 21-22420-RKA

| | |
|---|---|
| John F. Billera, Esq.<br>john@billeralaw.com<br>2201 N.W. Corporate Blvd., Suite 200<br>Boca Raton, Florida 33431<br>Phone: 561-500-7777<br>Fax: 561-500-7778<br>*Attorney for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL 33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |